LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818) 478-2822 (Office)
(818) 436-5966 (Fax)
e-mail: ldell@louisdell.com

Attorney for Plaintiff,
GOURLEY COLLINS

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOURLEY COLLINS, | CASE NO. |
| Plaintiffs, | |
| vs. | COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL |
| LVNV FUNDING, LLC, | |
| ELTMAN LAW, P.C., | |
| ANN K. MERRILL, | |
| and DOES 1 to 10, inclusive, | |
| Defendants. | |

Plaintiff, GOURLEY COLLINS, by his attorney, states as follows:

INTRODUCTION

1. This is an action for damages, attorney fees and costs brought pursuant to the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq*.] and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") [Cal. Civ. Code § 1788, *et seq*.] each of which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" in addition to ensuring that "those debt collectors who refrain from abusive practices are not competitively disadvantaged." 15 U.S.C. 1692(e). Non-compliance will subject the debt collector to civil liability. 15 U.S.C. § 1692k.

3. The California Rosenthal Act was enacted in 1976 to ensure the integrity of our banking and credit industry. Cal. Civ. Code § 1788.1(a)(i). The Legislature found that unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Non-compliance will subject the debt collector to civil liability. Cal. Civ. Code § 1788.30

## JURISDICTION

4. This court has jurisdiction under the provisions of FDCPA, 15 U.S.C. § 1692k(d), and supplemental jurisdiction over any state law claims asserted herein.

## PARTIES

5. Plaintiff GOURLEY COLLINS is a natural person, and resides in the State of California, County of San Bernardino.

6. Defendant LVNV FUNDING, LLC is a Delaware limited liability company with its principle place of business in Las Vegas, Nevada. Plaintiff is informed and believes that at all relevant times this defendant was not registered with the California Secretary of State.

7. Defendant ELTMAN LAW, P.C. is a New York professional corporation, a debt collection law firm. Plaintiff is informed and believes that at all relevant times this defendant was not registered with the California State Bar.

8. Defendant ELTMAN LAW, P.C. advertises on its website that it has handled close to one million debt collection judgments for a variety of businesses. Its website states that "This Communication Is from a Debt Collector. This Is an Attempt to Collect a Debt and Any Information Obtained Will Be Used for That Purpose."

9. Defendant, ANN K. MERRILL ("Merrill"), is an attorney, licensed by the State of California, with an office in Concord, California. Merrill is employed with defendant Eltman and collects debts on its behalf and on her behalf. Since at least 2007 defendant Merrill has been employed as a debt collection attorney with other debt collection law firms.

10. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 to 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner to plaintiff as hereinafter alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

## CAPACITIES, AGENCIES, AND CONSPIRACIES

11. Plaintiff is an individual or natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing and is therefore entitled to protection under the FDCPA, 15 U.S.C. § 1692a(3) ["consumer"], & § 1692a(5) ["debt"] the Rosenthal FDCPA Cal. Civ. Code § 1788.2(h) ["debtor] & § l788.2(f) ["consumer debt"].

12. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to the plaintiff's counsel, which the plaintiff alleges on personal knowledge.

13. For the purpose of this lawsuit, unless otherwise indicated, "defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendant(s) named in this caption.

-3-

Complaint for Damages and Demand for Jury Trial

## FACTUAL ALLEGATIONS

14. On September 15, 2008, a consumer debt collection lawsuit was filed by Arrow Financial Service, LLC against an individual by the name of Gorley Collins. The case is styled *Arrow Financial Service, LLC v. Gorley Collins*, San Bernardino County Superior Court Case No. BAC 011209. The collection lawsuit alleged that the original creditor is GE Money Bank Issuer of Preferred Hair.

15. A default judgment issued against Gorley Collins in the amount of $3,896.17.

16. On or about July 20, 2012, Defendant LVNV Funding, LLC became the judgment creditor in the collection lawsuit and filed a notice of assignment by Arrow Financial Services, LLC.

17. In 2012 Defendant LVNV Funding, LLC obtained a writ of execution and earnings withholding order against Plaintiff Gourley Collins. This defendant then began garnishing the plaintiff's wages.

18. Plaintiff Gourley Collins filed a claim of exemption from the enforcement of the judgment on the grounds that he was not the judgment debtor.

19. The court granted the claim of exemption in full based upon the spelling of the judgment debtor's name as "Gorley Collins" which is different than Plaintiff "Gourley Collins." The court directed the levying officer to release any earnings held to Gourley Collins.

20. In February 2016, despite the Court finding and order prohibiting the enforcement of the collection judgment against Gourley Collins, the defendants caused another writ of execution to be issued against him in the amount of $6,645.29 with daily interest in the amount of $1.06.

21. Defendants caused to be issued to plaintiff Gourley Collins' employer, the City of Banning, an earnings withholding order and also submitted Plaintiff Gourley Collins' social security number which was used to falsely label him as the judgment debtor.

Complaint for Damages and Demand for Jury Trial

22. Defendants' statements are unfair and deceptive because they falsely led the plaintiff to believe that garnishment is imminent.

23. Under California law, Defendant LVNV Funding, LLC is prohibited from maintaining any actions to collect on the debt unless and until it registers with the California Secretary of State, pays a penalty, and proves it has paid all California taxes during the period in which it has conducted business in California. See Cal. Corp. Code § 2203.

24. Under California law, Defendant Eltman Law, P. C. is prohibited from maintaining any actions to collect on the debt unless and until it registers with the California State Bar as a licensed professional entity.

25. As a direct and proximate result of all acts, omissions, and consequences thereof, Plaintiff Gourley Collins has sustained statutory damages. Plaintiff has further suffered actual damages including pecuniary loss, risk or actual damage to credit rating, the inability to obtain credit and/or inability to obtain credit at an interest rate or at terms he would have been able to obtain had the defendant not so acted. Plaintiff has abstained from applying for credit, and/or had adverse action taken on existing credit accounts and/or were denied credit.

26. He suffered emotional distress, including but not limited to anxiety, embarrassment, humiliation, shame, depression, feelings of powerlessness, anguish, irritability, inability to concentrate, loss of sleep, nightmares, daily worry, headaches, and malaise.

27. Plaintiff is entitled to attorney fees and costs pursuant to 15 U.S.C. § 1692k, and Cal. Civ. Code § 1788.30.

## FIRST CAUSE OF ACTION
### (Violation of the FDCPA)

28. Paragraphs 1-27 of this complaint are alleged in this cause of action.

29. This claim is asserted against each defendants, and DOES 1-10.

Complaint for Damages and Demand for Jury Trial

30. The foregoing acts and omissions constitute violations of the FDCPA, 15 U.S.C. § 1692 *et seq*. including but not limited to:

    a.    Violations of § 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse, any person in connection with collection of a debt.

    b.    Violations of § 1692e by using false, deceptive or misleading representations or means in connection with the collection of a debt.

    c.    Violations of § 1692e(2) falsely representing the character, amount, or legal status of any debt.

    d.    Violations of § 1692e(5) by threat to take any action that cannot legally be taken or is not intended to be taken.

    e.    Violations of § 1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    f.    Violations of § I692f by the use of any unfair or unconscionable means to collect or attempt to collect any debt.

31. The foregoing violations of the FDCPA are among the defendants' practices towards numerous consumers, such as plaintiff, for which the defendants are motivated by enhanced collection revenues.

32. Each defendant named in this claim is liable to Plaintiff for every FDCPA violation described in this complaint under 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION
### (Violation of the California Rosenthal Act)

33. Paragraphs 1-32 of this complaint are alleged in this cause of action.

34. This claim is asserted against defendant LVNV FUNDING, LLC, and DOES 1-10.

35. The foregoing acts and omissions constitute violations of the California

Complaint for Damages and Demand for Jury Trial

Rosenthal Act, Cal. Civ. Code § 1788 *et seq*.

36. Each defendant named in this cause of action is liable to Plaintiff for every violation described in this complaint under Cal. Civ. Code § 1788.30.

WHEREFORE, the plaintiff prays judgment in his favor as follows:

FOR THE FIRST CAUSE OF ACTION against each of the defendants, and DOES 1-10:

1. Actual damages according to proof, but at least in the sum of $25,000;
2. Statutory damages of no less than $1,000 for each violation;
3. Reasonable attorney fees;
4. Costs of suit; and
5. For such further relief as the court may deem just and equitable.

FOR THE SECOND CAUSE OF ACTION against LVNV FUNDING, LLC, and DOES 1-10:

1. Actual damages according to proof, but at least in the sum of $25,000;
2. Statutory damages of no less than $1,000 for each plaintiff;
3. Reasonable attorney fees;
4. Costs of suit; and
5. For such further relief as the court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: June 2, 2016                    LAW OFFICE OF LOUIS P. DELL

*/s/ Louis P. Dell*
Louis P. Dell, Esq.
Attorney for Plaintiff,
GOURLEY COLLINS

Complaint for Damages and Demand for Jury Trial