**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
LVNV Funding, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| GOURLEY COLLINS,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>LVNV FUNDING, LLC; ELTMAN LAW, P.C., ANN K. MERRILL, and DOES 1 to 10 INCLUSIVE.<br><br>　　　　Defendants. | Case No. 5:16-cv-01362<br><br>**DEFENDANT LVNV FUNDING, LLC'S ANSWER TO COMPLAINT** |
|---|---|

Defendant LVNV Funding, LLC ("Defendant") hereby answers the Complaint of Plaintiff Gourley Collins ("Plaintiff"), as follows:

**INTRODUCTION**

1. Answering Paragraph 1 of the Complaint, Defendant admits only that Plaintiff purports to allege violations of the Rosenthal Fair Debt Collection Practices Act and the Fair Debt Collection Practices Act. Defendant denies violating these statutes. As a further response, Defendant denies these allegations to the extent they misstate the law.

2. Answering Paragraph 2 of the Complaint, Defendant states that this paragraph consists of legal conclusions to which no response is required. Further, the statutes cited in this Paragraph speak for themselves. As a further response, Defendant denies these allegations to the extent they misstate the law.

3. Answering Paragraph 3 of the Complaint, Defendant states that this paragraph consists of legal conclusions to which no response is required. Further, the statutes cited in this Paragraph speak for themselves. As a further response, Defendant denies these allegations to the extent they misstate the law.

**JURISDICTION**

4. Answering Paragraph 4 of the Complaint, Defendant states that this paragraph consists of legal conclusions to which no response is required.

**PARTIES**

5. Answering Paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

6. Answering Paragraph 5 of the Complaint, Defendant admits that it is a limited liability company with its principal business address in Las Vegas, Nevada. Except as stated, Defendant denies these allegations.

7. Answering Paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

8. Answering Paragraph 8 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

9. Answering Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

10. Answering Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

11. Answering Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

12. Answering Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

13. Answering Paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

14. Answering Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

15. Answering Paragraph 15 of the Complaint, Defendant admits that a default judgment was obtained in Riverside County Superior Court, Case No. BAC011209.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations, and on that basis, denies them.

16. Answering Paragraph 16 of the Complaint, Defendant admits that on or about July 20, 2012, it filed a Notice of Assignment of Judgment in in Riverside County Superior Court, Case No. BAC011209.

17. Answering Paragraph 15 of the Complaint, Defendant admits that, in 2012, a writ of execution was issued by the Riverside County Superior Court, in Case No. BAC011209. Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations, and on that basis, denies them.

18. Answering Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

19. Answering Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

20. Answering Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

21. Answering Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them. To the extent the allegations regarding wrongful conduct pertain to Defendant, those allegations are denied.

22. Answering Paragraph 22 of the Complaint, Defendant denies these allegations.

23. Answering Paragraph 23 of the Complaint, Defendant states that this paragraph consists of legal conclusions to which no response is required. Further, the statute cited in this Paragraph speaks for itsefl. As a further response, Defendant denies these allegations to the extent they misstate the law.

24. Answering Paragraph 24 of the Complaint, Defendant states that this paragraph consists of legal conclusions to which no response is required.

25. Answering Paragraph 25 of the Complaint, Defendant denies these allegations.

26. Answering Paragraph 26 of the Complaint, Defendant denies these allegations.

27. Answering Paragraph 27 of the Complaint, Defendant denies these allegations.

## FIRST CAUSE OF ACTION

(Violation of the FDCPA)

28. Answering Paragraph 28 of the Complaint, Defendant incorporates by reference its responses to the previous paragraphs as though fully set forth herein.

29. Answering Paragraph 29 of the Complaint, Defendant admits that Plaintiff has asserted a claim under the FDCPA against each defendant.  Defendant, however, denies violating the FDCPA.

30. Answering Paragraph 30 of the Complaint, including its subparts, Defendant states that this paragraph consists of legal conclusions to which no response is required.  Defendant denies any inference that Defendant violated any provision of the FDCPA.

31. Answering Paragraph 31 of the Complaint, Defendant denies these allegations.

32. Answering Paragraph 32 of the Complaint, Defendant denies these allegations.

## SECOND CAUSE OF ACTION

(Violation of the California Rosenthal Act)

33. Answering Paragraph 33 of the Complaint, Defendant incorporates by reference its responses to the previous paragraphs as though fully set forth herein.

34. Answering Paragraph 34 of the Complaint, Defendant admits that Plaintiff has asserted a claim under the Rosenthal Act against Defendant.  Defendant, however, denies violating the Rosenthal Act.

35. Answering Paragraph 35 of the Complaint, Defendant denies these allegations.

36. Answering Paragraph 36 of the Complaint, Defendant denies these allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendant expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendant's conduct was privileged or justified.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff has waived any and all claims, rights and demands made in the

Complaint.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

### TWELFTH AFFIRMATIVE DEFENSE

12. Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it

was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. If Plaintiff prevails against Defendant, Defendant's liability is several and limited to its own actionable segment of fault, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims may be barred because Defendant, within 15 days after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, made adjustments or corrections necessary to cure the violation with respect to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendant is entitled to a set-off against any award to Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. For its costs of suit herein;
3. For attorney's fees to the extent available by law or contract; and
4. For such other and further relief as this Court may deem just and proper.

DATED: September 1, 2016.                YU | MOHANDESI LLP

                                         By  */s/ Ben Mohandesi*
                                             B. Ben Mohandesi
                                             Attorneys for Defendant
                                             LVNV Funding, LLC

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2016, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system as described below. Parties may access this filing through the Court's system.

DATED: September 1, 2016

YU | MOHANDESI LLP

By   */s/ Ben Mohandesi*
B. Ben Mohandesi
Attorneys for Defendant
LVNV Funding, LLC